UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALISHA SILBAUGH, | CASE NO. C19-5380RBL |
| Plaintiff, | ORDER |
| v. | |
| ROBERT WILKE, SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Alisha Silbaugh's Motion for Leave to Proceed in forma pauperis, supported by her proposed complaint [Dkt. # 1]. Silbaugh claims that she was sexually harassed at her place of employment (the Department of Veterans Affairs in Dupont Washington) in 2013 and 2014. She claims she complained to the EEOC and that as a result, she reached a verbal settlement agreement with the VA, and withdrew her complaint. She alleges that the VA breached the agreement and she again complained to the EEOC, this time also alleging disability discrimination. She claims she was awarded a "permanent and total, 100%" disability based on the matters in the scope of her EEOC complaint. She also claims the disability that was the subject of discrimination was a 70% mental, service-related disability. She received a right to sue letter, and sued.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), aff'd, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000).

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."

*Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Silbaugh's proposed complaint does not meet this standard. She does not identify any individual who discriminated against her, how they did so, when, where or why. She does not identify her disability or the accommodation she apparently sought, who refused it, or in what context. She does not identify the settlement agreement, who made it, or how or when it was breached.

Some of her claims appear to be time-barred as they happened more than 6 years ago, and the EEOC itself appears to have told her that her complaint to it was at least partly untimely. Her

motion for leave to proceed *in forma pauperis* is DENIED. She shall pay the filing fee or file an proposed amended complaint within 21 days of this Order, or the matter will be dismissed.

Any proposed amended complaint should address the "who what when where why and how" of her harassment and disability discrimination (and, if she is asserting them, her retaliation) claims. It is not enough to sue the agency and simply claim it discriminated against her. It should also address the timeliness of her claims, both here and to the EEOC.

IT IS SO ORDERED.

Dated this 20th day of June, 2019.

Ronald B. Leighton
United States District Judge